UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
**SCHMI CABALLERO**,

                              Plaintiff,

                -against-

**THE CITY OF NEW YORK, CORRECTION
OFFICER ROSEMARY CONGRESS (Shield 1561),
and JOHN & JANE DOES 1-10**,

                              Defendants.
------------------------------------------------------------------------X

**07 CV 6357 (RMB)**

**COMPLAINT**

**JURY TRIAL
DEMANDED**

      Plaintiff **SCHMI CABALLERO**, by his attorney, Joel Berger, Esq., for his complaint alleges, upon information and belief, as follows:

### *NATURE OF THE ACTION*

      1.     This is an action to recover money damages arising out of defendants' violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York, including the brutal and deliberate conduct of a New York City Correction officer in handing a dangerous weapon to an inmate, providing that inmate with access to plaintiff and directing that inmate to assault plaintiff, resulting in serious physical injury to plaintiff.

### *JURISDICTION AND VENUE*

      2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Eighth and Fourteenth Amendments to the Constitution of the United States.

      3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

      4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

## *PENDENT JURISDICTION*

5.   This Court also has jurisdiction over plaintiff's state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

6.   On October 17, 2006, within ninety days after the claims alleged in this complaint arose, a verified Notice of Claim was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e.

7.   At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

8.   This action is being commenced within one year and ninety days after the happening of the events up which the claims are based.

## *JURY DEMAND*

9.   Plaintiff demands trial by jury in this action.

## *PARTIES*

10.   Plaintiff **SCHMI CABALLERO** is a citizen of the United States and a resident of the State NY.  At all times relevant herein he was a pretrial detainee, #▇▇▇▇▇▇▇, at the George Motchan Detention Center (GMDC) of the NYC Department of Correction (DOC) on Rikers Island. At present he is inmate #07R1699 at the Downstate Correctional Facility of the NYS Department of Correctional Services (DOCS), serving a 3-year sentence for attempted sale of a controlled substance.  He is eligible for parole in March 2008, and for conditional release in October 2008.

11.   Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates DOC, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of correction officers

and supervisory correction officers, including the individual defendants herein. It also operates the NYC Department of Health & Mental Hygiene (DOH), a department or agency of the City of New York responsible, through a unit called Correctional Health Services (CHS), for ensuring that adequate medical care is delivered to inmates of DOC facilities. It also operates the NYC Department of Investigation (DOI) that maintains an Office of an Inspector General (IG) for the purpose of investigating complaints of misconduct by DOC employees.

12.     At all times relevant herein, defendant Correction Officer Rosemary Congress (Shield 1561) and all of the John and Jane Doe defendants were acting as agents, servants and employees of defendant City of New York.

13.     At all times relevant herein, all defendants were all acting under color of state law.

## FACTS

14.     On September 25, 2006, plaintiff was a pretrial detainee at GMDC.

15.     At approximately 10:30 P.M. on that date, plaintiff was using one of the telephones that detainees are allowed to use to call persons outside the jail. He was speaking with his mother.

16.     A Correction Officer (CO) on duty in the secure "bubble" area from which COs supervise the area, CO Rosemary Congress, complained that plaintiff was staying on the telephone too long, and was angered when plaintiff did not hang up immediately in response to her complaint.

17.     To punish plaintiff, CO Congress deliberately caused plaintiff to be seriously injured by an inmate named Aris Winbush, # ███████.

18.     CO Congress called Winbush to the bubble, retrieved a broomstick from a closet, and handed the broomstick to Winbush.

19.     CO Congress then encouraged Winbush to assault plaintiff with the broomstick,

3

opening the gate that separated Winbush from Caballero and telling Winbush to "go handle his business with" plaintiff, or words to that effect.

20. There are at least two eyewitnesses to Congress's conduct: (i) Joseph Hilaire, # ▬▬ at the time, now an inmate of the Wyoming Correctional Facility of DOCS, # 06R5022; and (ii) Michel Toliver, # ▬▬▬▬ the time, later briefly an inmate of DOCS (07A3039, from May 31, 2007 to June 18, 2007), now under Conditional Release supervision by the NYS Division of Parole.

21. Winbush proceeded to assault Caballero brutally about the face with the broomstick, causing massive bleeding.

22. CO Congress remained idle in the bubble and did nothing to prevent the assault or to restrain Winbush.

23. Other officers in the area, who are among the John and Jane Doe defendants herein, also did nothing to restrain Winbush.

24. The assault continued until other inmates in the area were able to pull Winbush away from plaintiff.

25. As a result of the vicious assault upon plaintiff with a dangerous weapon, orchestrated and encouraged by CO Congress, plaintiff sustained serious and lasting injuries.

26. Medical records that confirm that plaintiff sustained a broken nose and also required several stitches on his nose.

27. After several complaints to CHS that plaintiff was not receiving adequate medical care for the traumatic injury to his nose, surgery was performed at Bellevue Hospital in February 2007.

28. Nonetheless, to this day plaintiff still has trouble breathing as a result of the injuries to

4

his nose on September 25, 2006.

29. Medical records also confirm that plaintiff sustained a serious injury to his right eye as a result of the assault.

30. After several complaints to CHS that plaintiff was not receiving adequate medical care for the traumatic injury to his right eye, he was provided with glasses.

31. Nonetheless, to this day plaintiff still has blurry vision in his right eye.

32. Among the John and Jane Doe defendants herein are employees of DOC and CHS who displayed deliberate indifference to plaintiff's medical condition, substantially delaying the provision of adequate medical care and exacerbating his injuries.

33. The day after the assault another CO, one of the John or Jane defendants herein, tried to get other inmates who witnessed the assault to sign statements saying that they didn't know what had happened, and threatened an inmate who refused to sign, eyewitness Hilaire, that he would be set up to be assaulted by gang members. Later Hilaire was in fact so assaulted.

34. Winbush was never charged with any disciplinary infraction or subjected to any institutional punishment.

35. Plaintiff was charged with a disciplinary infraction, in which Congress lied and claimed that plaintiff had initiated an altercation with Winbush.

36. Plaintiff was not, however, found guilty of any disciplinary infraction or subjected to any institutional punishment.

37. In November 2006 plaintiff filed a complaint with the DOI Office of the Inspector General (IG) for DOC: Complaint #0612405. He explicitly identified witnesses Hilaire and Toliver.

38. Nonetheless, employees of DOI, who are among the John and Jane Doe defendants herein, did not even interview plaintiff, let alone Hilaire or Toliver.

39. No disciplinary action was taken against CO Congress.

40. No referral to was made the District Attorney's office for the prosecution of CO Congress.

41. No referral was made to the District Attorney's office for the prosecution of Winbush.

42. In November 2006 plaintiff also filed a complaint with the New York City Board of Correction (BOC), a "watchdog" agency that has no power to punish CO Congress. BOC Complaint #2006/0129

43. BOC took no meaningful action in response to the complaint, and at most may have asked DOI or DOC to investigate.

44. The undersigned attorney subsequently received written statements from witnesses Hilaire and Toliver describing in detail CO Congress's conduct in causing plaintiff to be assaulted and seriously injured. On March 16 and 19, 2007 and again on April 11, 2007, the undersigned wrote to the IG's office renewing plaintiff's request of the previous November for an investigation. The IG's office was provided with copies of the witness' written statements.

45. In response, the IG's office merely downgraded the matter to a lesser status by referring it to DOC's own investigations division, a unit that looks into less serious incidents of alleged misconduct by DOC employees. To this day, neither Hilaire nor Toliver has been interviewed by DOC or DOI, even though their addresses are a matter of record and have been known to DOC and DOI at all times since the day of the assault.

46. Plaintiff's allegation that a correction officer instigated, facilitated, and encouraged an inmate to assault him with a dangerous and potentially deadly weapon, causing serious and permanent injury -- even where two witnesses were named, and even when those two witnesses have submitted written statements -- has been met with deliberate indifference by defendants.

### *FIRST CLAIM FOR RELIEF*

47. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-46.

48. Defendants, by subjecting plaintiff to the acts and omissions alleged in ¶ 1-46, violated his plaintiff's guaranteed by 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, and 11 of the Constitution of the State of New York.

### *SECOND CLAIM FOR RELIEF*

49. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-46 and 48.

50. Upon information and belief, the acts complained of herein are a direct and proximate result of the failure of the City of New York, DOC, DOI and CHS properly to select, train, supervise, promote and discipline correction officers and other City employees.

51. Upon information and belief, the failure of the City of New York, DOC, DOI and CHS properly to select, train, supervise, promote and discipline correction officers and other City employees correction constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

52. The official policies, practices and customs of the City of New York, alleged in ¶¶ 1-46, 48 and 50-51 violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5 and 11 the Constitution of

the State of New York.

### THIRD CLAIM FOR RELIEF

53.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-46, 48, and 50-52.

54.     The acts and omissions of defendants alleged herein constituted aggravated assault and battery, conspiracy to commit aggravated assault and battery, malicious infliction of severe physical, mental and emotional distress, and gross employee negligence.

55.     The conduct toward plaintiff alleged herein subjected plaintiff to severe physical injury, trauma, shock, debasement, fright, fear, humiliation, embarrassment, psychological and emotional trauma, and physical and emotional pain and suffering.

### FOURTH CLAIM FOR RELIEF

56.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-46, 48, 50-52, and 54-55

57.     At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, and 11 of the Constitution of the State of New York.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a)     Compensatory damages against all defendants, jointly and severally;

(b)     Punitive damages against all individual defendants, jointly and severally;

(c)     Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d)     Such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        July 11, 2007

/s/ Joel Berger
**JOEL BERGER (JB-3269)**
360 Lexington Avenue, 16th Fl.
New York, New York 10017
(212) 687-4911

**ATTORNEY FOR PLAINTIFF**