UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SCHMI CABALLERO,

                                      Plaintiff,

-against-

THE CITY OF NEW YORK, CORRECTION OFFICER
ROSEMARY CONGRESS (Shield 1561), and JOHN &
JANE DOES 1-10,

                                      Defendants.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANT CONGRESS**

07 Civ. 6357 (RMB)

Jury Trial Demanded

        Correction Officer Rosemary Congress, by her attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.      Denies the allegations set forth in paragraph "1" of the complaint, except admits plaintiff purports to proceed as stated therein.

        2.      Denies the allegations set forth in paragraph "2" of the complaint, except admits plaintiff purports to proceed as stated therein.

        3.      Denies the allegations set forth in paragraph "3" of the complaint, except admits plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.      Denies the allegations set forth in paragraph "4" of the complaint, except admits plaintiff purports to base venue as stated therein.

        5.      Denies the allegations set forth in paragraph "5" of the complaint, except admits plaintiff purports to invoke the jurisdiction of the Court as stated therein.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits a purported verified Notice of Claim was received in the Office of the Comptroller on October 17, 2006.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits thirty days have passed since receipt of the purported Notice of Claim and no payment or adjustment has been made to plaintiff.

8. Admits the allegations set forth in paragraph "8" of the complaint.

9. Defendant states paragraph "9" of the complaint sets forth no averments of fact to which a response is required.

10. Denies the allegations set forth in paragraph "10" of the complaint, except denies knowledge or information sufficient to form a belief as to plaintiff's citizenship and admits that plaintiff was in custody of the NYC Department of Correction at the George Motchan Detention Center and had inmate book and case number ███████ Defendant further admits that plaintiff is presently serving a state prison sentence and has inmate number 07-R-1699.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits the City of New York is a municipal corporation and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City of New York and the NYC Department of Correction, NYC Department of Health & Mental Hygiene and NYC Department of Investigation.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits defendant Congress is a New York City correction officer and respectfully refer all questions of law to the Court.

13. Denies the allegations set forth in paragraph "13" of the complaint, and respectfully refer all questions of law to the Court.

14. Admits the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. .Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations against unidentified persons.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint, except admit medical records indicate plaintiff suffered a fractured nose and received stitches.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint, as it refers to unidentified persons.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint, except admits that plaintiff was charged with a disciplinary infraction.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint, except admits a complaint number of 0612405 was assigned concerning allegations related to plaintiff.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint, as it refers to unidentified persons.

39. Admits the allegations set forth in paragraph "39" of the complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint, except admit the Board of Correction assigned complaint number 2006/0129.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint, except admit the matter was referred to the DOC Investigations Division.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint, except admits Joel Berger, Esq., sent letters dated March 16, 2007, March 19, 2007, and April 11, 2007, to the Department of Investigation.

45. Denies the allegations set forth in paragraph "45" of the complaint, except admits that DOI made a referral of the matter to the Department of Correction.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "46" inclusive of this answer, as if fully set forth herein.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "48" inclusive of this answer, as if fully set forth herein.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. In response to the allegations set forth in paragraph "53" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "52" inclusive of this answer, as if fully set forth herein.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. In response to the allegations set forth in paragraph "56" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "55" inclusive of this answer, as if fully set forth herein

57. Denies the allegations set forth in paragraph "57" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

58. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

59. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

60. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of her discretion.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

61. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant Congress.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

62. Plaintiff has failed, in whole or in part, to comply with New York General Municipal Law § 50-e.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

63. Plaintiff's claims under 42 U.S.C. § 1988 are subject to the terms of the PLRA, 42 U.S.C. §1997e(d).

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

64. Plaintiff failed in whole or in part to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

65. The individual defendant Rosemary Congress has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

66. Plaintiff failed to mitigate his damages

**WHEREFORE,** defendant Rosemary Congress requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          October 23, 2007

> MICHAEL A. CARDOZO
> Corporation Counsel of the
>   City of New York
> Attorney for Defendants City of New York and
> Rosemary Congress
> 100 Church Street, Room 3-141
> New York, New York 10007
> (212) 788-0869
>
> By:   /s/ Jordan M. Smith
>       Jordan M. Smith
>       Assistant Corporation Counsel

To:  Joel Berger, Esq. (by ECF)
     360 Lexington Avenue, 16th Floor
     New York, NY 10017