UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

SCHMI CABALLERO,

                                      Plaintiff,

                    -against-

CITY OF NEW YORK, et al.,

                                      Defendants.

------------------------------------------------------------ X

STIPULATION AND
PROTECTIVE ORDER FOR
ATTORNEYS' EYES ONLY

07 CV 6357 (RMB)(KNF)

        WHEREAS, plaintiff has requested that defendants disclose certain documents, including medical and inmate discipline records of Aris Winbush, a former inmate in the custody of the New York City Department of Correction; and

        WHEREAS, defendants deem such information to be of a confidential and sensitive nature and to implicate the privacy and security interests of former inmate Winbush; and

        WHEREAS, defendants deem that disclosure of such information should be for ATTORNEYS' EYES ONLY, and should be disseminated only to plaintiff's counsel and to investigators or process servers working for and at the direction of plaintiff's counsel; and

        WHEREAS, defendants object to the disclosure of this information and production of any documents containing this information unless appropriate protection for the confidentiality of such information is assured; and

        NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for plaintiff and defendants, as follows:

        1.    As used herein, "Confidential Materials – Attorneys' Eyes Only" shall refer to documents indicating the medical and inmate disciplinary records of former inmate Aris

Winbush, as well as any other personal information related to Aris Winbush which defendants may in good faith deem "confidential", except that such documents and information shall not be deemed "Confidential Materials – Attorneys' Eyes Only" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

2.  The defendants shall designate in good faith particular documents or information "Confidential Materials – Attorneys' Eyes Only" by labeling such documents "Confidential Materials – Attorneys' Eyes Only" and/or by designating such documents by Bates Number in writing directed to plaintiff's counsel. The defendants shall have a reasonable time to inspect and designate as "Confidential Materials – Attorneys' Eyes Only" documents sought by subpoena from third parties, and such documents, if produced to plaintiff, shall be treated as "Confidential Materials – Attorneys' Eyes Only" during such reasonable period. The defendants reserve the right to designate any documents "Confidential Materials – Attorneys' Eyes Only" pursuant to this agreement if necessary after production of such documents to plaintiff. If plaintiff objects to the [object ~~to the~~] designation of particular documents as "Confidential Materials – Attorneys' Eyes Only" plaintiff shall state such objection in writing to the defendants, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then the defendants shall, within fifteen (15) days of receiving plaintiff's objections, move for an order approving such designation.

3.  Plaintiff's attorneys shall not use the "Confidential Materials – Attorneys' Eyes Only" for any purpose other than for the preparation or presentation of the case entitled <u>Schmi Caballero v. City of New York, et al.</u>, 07 Civ. 6357 (RMB)(KNF)("this action.").

4.  Plaintiff's attorneys shall not disclose the "Confidential Materials – Attorneys' Eyes Only" to any person not a member of the staff of their law office or an

- 2 -

investigator or process server working at the direction of plaintiff's counsel, or to plaintiff. In the event a conflict arises between the parties as to whether plaintiff may disclose the information or documents to a potential deponent, or other person whom counsel reasonably believes may have knowledge of the information described or referred to in the "Confidential Materials – Attorneys' Eyes Only," plaintiff agrees [RMB U.S.M.J.] not to do so until such time that the parties can obtain a ruling from the Court in this regard. Before any disclosure is made to any investigator, plaintiff's attorneys shall provide each such person with a copy of this Stipulation and Protective Order for Attorneys' Eyes Only, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with locating witnesses for the prosecution or defense of this case and not to further disclose the "Confidential Materials – Attorneys' Eyes Only." The signed consent shall be retained by plaintiff's attorneys and copies provided to counsel for the defendants.

5. Where any document containing the "Confidential Materials – Attorneys' Eyes Only" is used or addressed in court submissions or produced at a trial on the merits in this matter, subject to due consideration of its admissibility to be made by the Court, the parties agree to file or use redacted copies of documents without further order of the Court.

6. Within 30 days after the termination of this case, including any appeals, the "Confidential Materials – Attorneys' Eyes Only," including all copies, and all nonconforming copies, notes, and other materials containing or referring to information derived there from, shall, upon the defendants' request, be returned to the defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

7.  The parties reserve their rights to seek modification of this Stipulation and Protective Order for Attorneys' Eyes Only by application to the Court for good cause shown at any time during the course of this litigation.

Dated:   New York, New York
         _____, 2007

Joel Berger, Esq.
Attorney for Plaintiff
360 Lexington Avenue, 16th Floor
New York, NY 10017
(212) 687-4911

By: _____ 12/13/07
    Joel Berger, Esq.

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 788-0869

By: _____ 12/14/07
    Jordan M. Smith, Esq.
    Assistant Corporation Counsel

SO ORDERED:  12/21/07

_____
HONORABLE KEVIN N. FOX
UNITED STATES MAGISTRATE JUDGE

- 4 -

## EXHIBIT A

The undersigned hereby acknowledges that he is an investigator working for and at the direction of plaintiff's counsel in the action titled <u>Schmi Caballero v. City of New York, et al.</u>, 07 Civ. 6357 (RMB)(KNF), has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York on _____, 2007, in that action, and understands the terms thereof. The undersigned agrees not to use the materials designated Confidential Materials for Attorneys' Eyes only as defined therein for any purpose other than to locate non-party witnesses in connection with the prosecution or defense of this case, and will not further disclose such information.

_____          _____
Date                             Signature

                                 _____
                                 Print Name

                                 _____
                                 Occupation