UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

SCHMI CABALLERO,

                            Plaintiff,

              -against-

THE CITY OF NEW YORK, CORRECTION OFFICER
ROSEMARY CONGRESS (Shield 1561), CORRECTION
CAPTAIN CLAUDE GODFREY (Shield 593),
CORRECTION OFFICER JUAN GARCIA (Shield 7094),
CORRECTION OFFICER ROCHELLE PENNANT
(Shield and JOHN & JANE DOES 1-10,

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE FIRST
AMENDED COMPLAINT**

07 Civ. 6357 (RMB)

Jury Trial Demanded

The City of New York, Rosemary Congress, Claude Godfrey, Juan Garcia and

Rochelle Pennant, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of

New York, for their answer to the complaint, respectfully allege, upon information and belief, as

follows:

         1.      Deny the allegations set forth in paragraph "1" of the complaint, except

admit plaintiff purports to proceed as stated therein.

         2.      Deny the allegations set forth in paragraph "2" of the complaint, except

admit plaintiff purports to proceed as stated therein.

         3.      Deny the allegations set forth in paragraph "3" of the complaint, except

admit plaintiff purports to invoke the jurisdiction of the Court as stated therein.

         4.      Deny the allegations set forth in paragraph "4" of the complaint, except

admit plaintiff purports to base venue as stated therein.

5.    Deny the allegations set forth in paragraph "5" of the complaint, except admit plaintiff purports to invoke the jurisdiction of the Court as stated therein.

6.    Deny the allegations set forth in paragraph "6" of the complaint, except admit a purported verified Notice of Claim was received in the Office of the Comptroller on October 17, 2006.

7.    Deny the allegations set forth in paragraph "7" of the complaint, except admit thirty days have passed since receipt of the purported Notice of Claim and no payment or adjustment has been made to plaintiff.

8.    Admit the allegations set forth in paragraph "8" of the complaint.

9.    Defendants state paragraph "9" of the complaint sets forth no averments of fact to which a response is required.

10.    Deny the allegations set forth in paragraph "10" of the complaint, except deny knowledge or information sufficient to form a belief as to plaintiff's citizenship and admit that plaintiff was in custody of the NYC Department of Correction at the George Motchan Detention Center and had inmate book and case number 349-06-04632. Defendants further admit that plaintiff is presently serving a state prison sentence at Fishkill Correctional Facility with inmate number 07-R-1699.

11.    Deny the allegations set forth in paragraph "11" of the complaint, except admit the City of New York is a municipal corporation and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City of New York and the NYC Department of Correction, NYC Department of Health & Mental Hygiene and NYC Department of Investigation.

12.    Deny the allegations set forth in paragraph "12" of the complaint, except admit defendants Congress, Garcia and Pennant are New York City correction officers and that defendant Godfrey is a New York City correction captain and respectfully refer all questions of law to the Court.

13.    Deny the allegations set forth in paragraph "13" of the complaint, and respectfully refer all questions of law to the Court.

14.    Admit the allegations set forth in paragraph "14" of the complaint.

15.    Deny the allegations set forth in paragraph "15" of the complaint.

16.    Deny the allegations set forth in paragraph "16" of the complaint.

17.    Deny the allegations set forth in paragraph "17" of the complaint.

18.    .Deny the allegations set forth in paragraph "18" of the complaint.

19.    Deny the allegations set forth in paragraph "19" of the complaint.

20.    Deny the allegations set forth in paragraph "20" of the complaint.

21.    Deny the allegations set forth in paragraph "21" of the complaint.

22.    Deny the allegations set forth in paragraph "22" of the complaint.

23.    Deny the allegations set forth in paragraph "23" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations against unidentified persons.

24.    Deny the allegations set forth in paragraph "24" of the complaint.

25.    Deny the allegations set forth in paragraph "25" of the complaint.

26.    Deny the allegations set forth in paragraph "26" of the complaint, except admit Capt. Godfrey escorted plaintiff to a clinic.

27.    Deny the allegations set forth in paragraph "27 of the complaint, except admit medical records indicate plaintiff suffered a fractured nose

28.    Deny the allegations set forth in paragraph "28 of the complaint.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29 of the complaint.

30.    Deny the allegations set forth in paragraph "30" of the complaint.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" the complaint.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32 of the complaint.

33.    Deny the allegations set forth in paragraph "33" of the complaint.

34.    Deny the allegations set forth in paragraph "34" of the complaint.

35.    Deny the allegations set forth in paragraph "35" of the complaint.

36.    Deny the allegations set forth in paragraph "36" of the complaint, except admit that plaintiff was charged with a disciplinary infraction.

37.    Deny the allegations set forth in paragraph "37" of the complaint.

38.    Deny the allegations set forth in paragraph "38" of the complaint, except admit a complaint number of 0612405 was assigned concerning allegations related to plaintiff.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint, as it refers to unidentified persons, except admit that DOI employees did not interview plaintiff, Hilaire or Toliver.

40.    Admit the allegations set forth in paragraph "40" of the complaint.

41.    Admit the allegations set forth in paragraph "41" of the complaint.

42.    Admit the allegations set forth in paragraph "42" of the complaint.

43.    Deny the allegations set forth in paragraph "43" of the complaint, except admit the complaint was referred to DOC.

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint, except admit at least one letter from Joel Berger, Esq., was received by the Department of Investigation.

45.    Deny the allegations set forth in paragraph "45" of the complaint, except admit that DOI made a referral of the matter to the Department of Correction.

46.    Deny the allegations set forth in paragraph "46" of the complaint.

47.    In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "46" inclusive of this answer, as if fully set forth herein.

48.    Deny the allegations set forth in paragraph "48" of the complaint.

49.    In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "48" inclusive of this answer, as if fully set forth herein.

50.    Deny the allegations set forth in paragraph "50" of the complaint.

51.    Deny the allegations set forth in paragraph "51" of the complaint.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    In response to the allegations set forth in paragraph "53" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "52" inclusive of this answer, as if fully set forth herein.

54.    Deny the allegations set forth in paragraph "54" of the complaint.

55.    Deny the allegations set forth in paragraph "55" of the complaint.

56.    In response to the allegations set forth in paragraph "56" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "55" inclusive of this answer, as if fully set forth herein

57.    Deny the allegations set forth in paragraph "57" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

58.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

59.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

60.    At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

61.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

62.    Plaintiff has failed, in whole or in part, to comply with New York General Municipal Law § 50-e.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

63. Plaintiff's claims under 42 U.S.C. § 1988 are subject to the terms of the PLRA, 42 U.S.C. §1997e(d).

5

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:**

64. Plaintiff failed in whole or in part to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

65. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

66. Plaintiff failed to mitigate his damages

**WHEREFORE,** defendants City of New York, Rosemary Congress, Claude Godfrey, Rochelle Pennant and Juan Garcia request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          December 24, 2007

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendants
                        100 Church Street, Room 3-141
                        New York, New York 10007
                        (212) 788-0869

          By:    /s/ Jordan M. Smith
                 Jordan M. Smith
                 Assistant Corporation Counsel

To:    Joel Berger, Esq. (by ECF)
       360 Lexington Avenue, 16th Floor
       New York, NY 10017