```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 2/1/08
```

**JOEL BERGER**
ATTORNEY AT LAW
360 LEXINGTON AVENUE, 16TH FLOOR
NEW YORK, N.Y. 10017-6502

TELEPHONE (212) 687-4911
FAX (212) 687-1406

JAN 1 8 2008
**MEMO ENDORSED**

January 18, 2008

<u>VIA FAX (212) 805-6712</u>
Hon. Kevin N. Fox
United States Magistrate Judge
500 Pearl Street
New York, NY 10007-1312

Re: ***Caballero v. The City of New York, et al.***, 07 Civ. 6357 (RMB) (KNF)

Dear Judge Fox:

      A brief reply to defendants' highly disingenuous letter of yesterday evening is in order.

      First of all, non-party witness Hilaire testified at his deposition that in light of Wimbush's vicious attack upon plaintiff with the broomstick to which access had been provided by CO Congress, it is obvious what CO Congress meant when she told Wimbush to "take care of his business." Hilaire testified that Wimbush was not a member of the housing area's work detail and had no right to possession of a broom. Hilaire also testified that he observed an argument involving Wimbush and plaintiff Caballero just before Congress provided Wimbush with access to the broomstick, and that Congress, having unlocked a closet to provide Wimbush with access to the broomstick, then unlocked a gate to provide Wimbush with access to the cell area where Caballero was located. Congress's intent could not be clearer. In any event, defendants' have no answer for Hilaire's testimony regarding the cover up -- CO Garcia's threats to Hilaire to lie about the incident, and CO Garcia's own written report that conveniently makes no mention of the broomstick. This is clearly a punitive damages case.

      Defendants' argument in opposition to plaintiff's discovery request is equally disingenuous. As noted in my letter of January 16, defendants' practice has consistently been to hide its actual policy regarding indemnification from judges and juries alike. The most recent example we know of occurred in *Scherer v. City of New York*, 03 CV 8445 (RWS), in which the City, citing General Municipal Law § 50-k, argued at a charging conference that the City had no authority to indemnify for punitive damages, requested an instruction that the jury take into account the officer's ability to pay, and succeeded in obtaining such an instruction from Judge Sweet. The jury awarded punitive damages, but only in the sum of $1,000 (twice the amount of compensatory damages) -- a sum which the City, having lied to Judge Sweet, promptly indemnified. (The City's lead lawyer in *Scherer* had also been one of the City's attorneys in *Sulkowska v. City of New York*, 129 F. Supp. 274, 310 (SDNY 2001), in which $7,500 in punitive damages were indemnified.)

Faced with this history and the other cases set forth in the *Gyasi* interrogatories, Judge Scheindlin correctly determined that the City's *actual* practice regarding indemnification of punitive damages was a proper subject for pretrial discovery, and that accurate factual information regarding the City's actual practice was important to her own administration of the case. The City argued in *Gyasi*, as it does herein (p. 3 of defense counsel's letter), that "past practice would not bind the City in its indemnification decision in this particular case." Judge Scheindlin correctly rejected that argument (*see* my letter to Your Honor of January 16, p. 3, quoting from the transcript of the argument before Judge Scheindlin).

Judge Scheindlin also correctly overruled in City's argument that there "is ample time to address issues which are only relevant to a potential jury charge" (p. 3 of defense counsel's letter). In *Scherer* the City had objected to discussion of the City's actual indemnification practice at a charging conference, claiming that it was too late for such discussion even though the issue had been preserved in the pretrial order. This was called to Judge Scheindlin's attention in *Gyasi*, where plaintiff proceeded by way of interrogatories. There, as here, the City claimed that interrogatories are inappropriate. Judge Scheindlin ruled otherwise.

With a settlement conference or conferences about to take place in less than a month, the City's exposure to punitive damages is a very real factor that must be taken into account. Your Honor and Judge Berman will be informed by the City concession -- which will undoubtedly be forthcoming once the City is ordered to respond -- that the City's policy conceded in the *Gyasi* interrogatory responses remains in effect and applies to correction officers as well. The City should be required to respond immediately to plaintiff's interrogatories.

Respectfully yours,

Joel Berger (JB-3269)
Attorney for Plaintiff

cc: Jordan M. Smith, Esq.
Assistant Corporation Counsel
Attorney for Defendants
(via fax 212-788-9776)

2/1/08
Application denied.
Leave to renew the application at an appropriate time is granted.
SO ORDERED:
Kevin Nathaniel Fox
KEVIN NATHANIEL FOX, U.S.M.J.

2